PHILLIP A. TALBERT
United States Attorney
ALYSON A. BERG
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff United States of America

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-MC-01404-JLT |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| FIREARMS, BROWNING, 1911-22 PISTOL, CAL: 22 SN: 51EZP02954, | |
| FIREARMS, BROWNING 1911-22 PISTOL CAL: 22 SN: 51EZP02702, | |
| FIREARMS, GLOCK INC. 23GEN3 PISTOL CAL: 40 SN: TMB899, | |
| FIREARMS, NEW FRONTIER ARMORY, LLC LW-15 Rifle CAL: 556 SN: NLV21295, | |
| FIREARMS, SMITH & WESSON SD9VE PISTOL CAL: 9 SN: FBK2736, | |
| APPROXIMATELY 77 ROUNDS OF ASSORTED AMMUNITION, | |
| APPROXIMATELY 130 ROUNDS OF ASSORTED AMMUNITION, | |
| APPROXIMATELY 500 ROUNDS OF FIOCCHI AMMUNITION CAL: 223, | |
| APPROXIMATELY 165 ROUNDS OF CBC – BRAZILIAN AMMUNITION, | |
| APPROXIMATELY 445 ROUNDS OF REMINGTON CAL: 9 AMMUNITION, AND | |
| APPROXIMATELY 710 ROUNDS OF ASSORTED CAL: 40 AMMUNITION, | |
| Defendants. | |

CONSENT JUDGMENT OF FORFEITURE

1

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On April 29, 2020, agents with the Federal Bureau of Investigation ("FBI") seized a Browning, 1911-22 pistol, bearing serial number 51EZP02954[1]; a Browning 1911-22 pistol, bearing serial number 51EZP02702; a Glock Inc. 23GEN3 pistol, bearing serial number TMB899; a New Frontier Armory, LLC LW-15 rifle, bearing serial number NLV21295; a Smith & Wesson SD9VE pistol, bearing serial number FBK2736 (hereafter collectively "Defendant Firearms"); approximately 77 rounds of assorted ammunition; approximately 130 rounds of assorted ammunition; approximately 500 rounds of 223 caliber Fiocchi ammunition; approximately 165 rounds of CBC – Brazilian ammunition; approximately 445 rounds of 9 caliber Remington ammunition; and, approximately 710 rounds of assorted 40 caliber ammunition (hereafter collectively "Defendant Ammunition") as the result of a search warrant executed at 4691 E. McKenzie Avenue, Fresno, California. The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") is in custody of the Defendant Firearms and Defendant Ammunition.

2. ATF commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about July 9, 2020, ATF received a claim from Pedro Duran (hereafter "Duran" or "Claimant") asserting an ownership interest in the Defendant Weapons and Defendant Ammunition. On or about July 10, 2020, ATF received a claim from Sylvia Cisneros (hereafter "Cisneros" or "Claimant") asserting an ownership interest in the Defendant Weapons and Defendant Ammunition.

3. The United States represents that it could show at a forfeiture trial that in February 2019, members of the FBI, Homeland Security Investigations ("HSI"), Sanger Police Department, Fresno County Sheriff's Office, and other state and local agencies, launched an investigation that determined Duran was a source of supply of methamphetamine, cocaine, and heroin to the Fresno and Los Angeles, California area. The investigation further revealed that Cisneros was an accomplice in Duran's drug trafficking activity.

4. As the result of wiretap surveillance, in March 2020, law enforcement intercepted a conversation between Duran and another individual later identified as a buyer and target of

---

[1] On or about October 8, 2021, the United States declined to pursue forfeiture of this asset.

investigation in the Fresno, California area. During the intercepted conversations, Duran and the buyer negotiated the purchase of narcotics. Duran indicated to the buyer that he had "two right now." Based on training and experience, law enforcement knows that Duran was indicating to the buyer that he had two units of narcotics on hand.

5. The United States could further show that on March 18, 24, and April 8, 2020, surveillance observed Cisneros as a passenger during Duran's trips to the Los Angeles area where Duran kept a storage unit containing pound-quantities of narcotics for distribution.

6. The United States could establish that evidence related to Duran's Los Angeles storage unit will show Cisneros with Duran at the storage facility on March 19 and 24, 2020.

7. The United States will also establish that on April 8, 2020, law enforcement executed a search warrant on storage unit #1155 rented by Duran in Riverside, California. Inside the storage unit, agents located approximately three pounds of cocaine, one and a half pounds of oxycodone pills, 33.5 pounds of methamphetamine, and three and a half pounds of marijuana.

8. The United States could establish that on April 20, 2020, FBI executed a federal search warrant at the residence of Duran and Cisneros. During the search, agents located in the bedroom shared by Duran and Cisneros, Duran's driver's license, official mail from the Internal Revenue Service addressed to Duran, official California vehicle title documents in Sylvia Cisneros' name, edibles containing THC, a vape device used to vaporize controlled substances.

9. The United States could further show that during execution of the federal search warrant, agents located in the bedroom shared by Duran and Cisneros a gun safe which contained the Browning 1911-22 pistol, bearing serial number 51EZP02702, Glock Inc. 23GEN3 pistol, bearing serial number TMB899, and Smith & Wesson SD9VE pistol, bearing serial number FBK2736. Agent also located in the bedroom, inside a nightstand situated by the bed a Browning 1911-22 pistol, bearing serial number 51EZP02954. In the bedroom, in the closet, agents located a rifle safe which contained the New Frontier Armory rifle bearing serial number NLV21295, a short-barreled rifle with no serial number, and an upper receiver for a .223 caliber rifle. Agents also located the Defendant Ammunition in the bedroom.

///

10. The United States could also show that during a search of the garage area of the residence, agents located several devices used for inhaling cannabis.

11. The United States could also show that on April 29, 2020, Duran's vehicle was searched during a traffic stop. During the search, law enforcement located marijuana and a grinder.

12. At trial, the United States could show that on April 29, 2020, Cisneros told law enforcement that she knew Duran had been using cocaine for about three to four months and that she and Duran use drugs with other individuals. Cisneros stated that she and Duran consume marijuana together.

13. The United States will show that Duran was indicted in the Eastern District of California for violation of 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine and Cocaine. The criminal case of *United States v. Pedro Duran*, 1:20-CR-00096-JLT-SKO is presently pending.

14. The United States could further show at a forfeiture trial that the Defendant Weapons and Defendant Ammunition are forfeitable to the United States pursuant to 18 U.S.C. § 924(d).

15. Without admitting the truth of the factual assertions contained in this stipulation, Claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Claimants agree that an adequate factual basis exists to support forfeiture of the Defendant Weapons and Defendant Ammunition. Pedro Duran and Sylvia Cisneros hereby acknowledge that they are the sole owners of the Defendant Weapons and Defendant Ammunition, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the Defendant Weapons and Defendant Ammunition, Claimants shall hold harmless and indemnify the United States, as set forth below.

16. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

17. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the Defendant Weapons and Defendant Ammunition were seized.

///

CONSENT JUDGMENT OF FORFEITURE
4

18. Sylvia Cisneros agreed not to contest or otherwise file an ancillary claim or petition to the approximately $8,800.00 in U.S. Currency alleged for forfeiture in *United States v. Pedro Duran,* 1:20-CR-00096-JLT-SKO.

19. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, the Browning 1911-22 pistol, bearing serial number 51EZP02702; Glock Inc. 23GEN3 pistol, bearing serial number TMB899; New Frontier Armory, LLC LW-15 rifle, bearing serial number NLV21295; Smith & Wesson SD9VE pistol, bearing serial number FBK2736; approximately 77 rounds of assorted ammunition; approximately 130 rounds of assorted ammunition; approximately 500 rounds of 223 caliber Fiocchi ammunition; approximately 165 rounds of CBC – Brazilian ammunition; approximately 445 rounds of 9 caliber Remington ammunition; and, approximately 710 rounds of assorted 40 caliber ammunition, shall be forfeited to the United States pursuant to 18 U.S.C. § 924(d), to be disposed of according to law.

3. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the Defendant Weapons and Defendant Ammunition. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants Pedro Duran and Sylvia Cisneros waived the provisions of California Civil Code § 1542.

4. No portion of this stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

///

5. All parties will bear their own costs and attorney's fees.

6. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described Defendant Weapons and Defendant Ammunition.

IT IS SO ORDERED.

Dated:   **May 4, 2023**

UNITED STATES DISTRICT JUDGE